Mr. Patel when you're ready we'll hear from you. Good morning, your honors. At issue in this case is whether Hobbs Act robbery is a career offender crime or violence. It is not under either the Force Clause or the Enumerated Offenses Clause. First, your honor, Hobbs Act robbery is not a crime of violence under the Force Clause which requires the use, attempted use, or threat use of physical force against a person. Threat of force or even actual force against property is not enough. But your honor, one look at the Hobbs Act robbery statute here makes it very clear that the force or threat of force is not a crime of violence under the Force Clause. Threat of force against a person requirement is not satisfied. Your honor, here for once we don't have to muddle through the statute to try to figure out what Congress meant because it's right here in the statute. Congress in a big way said that Hobbs Act robbery can be violated by threat of property and not only that future threat to property. In fact, in the statute, Congress says it three times. It says Hobbs Act robbery prohibits fear of injury, immediate or future, to the person or property of another or the property in his custody or the property of a family member or another. So under these broad terms, your honor, there's no ambiguity here. Hobbs Act robbery therefore categorically fails to qualify under the Force Clause. Now, your honor, turning to the Enumerated Offenses Clause, we have to demonstrate here that Hobbs Act robbery is not a generic robbery. Which Enumerated Offense Clause? We're talking about generic robbery, your honor. In which guideline? In 4B1.2A. So there's the four in the new guideline. Which version? Pardon me? Which version of the guideline? The new guideline, which applies. The new guideline. Yes. Because he was sentenced under the old guideline. Well, your honor, at that time, when he was sentenced, the government was conceding that the residual clause was void. He was sentenced under the old guideline. He was sentenced under the old guideline. Yes, your honor, because the circumstances were very different at that time because at that time, the government was conceding that the residual clause was void. Which guideline is corrected at the time he was sentenced? At the time of the sentence, the new guideline was in effect. How long had it been in effect? It had been in effect for three days, your honor. And so he was sentenced under the old guideline. He was sentenced under the old guideline. Which guidelines was he supposed to be sentenced under? Well, your honor, see, at that time, there was a potential ex post facto problem, but it became clear that that's no longer the case after Beckel said the residual clause is not void for vagueness. So because there's no ex post facto issue now, the proper guideline should be the guideline that was in effect at the time of sentencing. Was he sentenced under the wrong guideline? Yes, your honor, he was. I'm trying to get what you're saying. Yes, your honor. And do you argue that in your brief? Yes. I mean, we first argued that, you know, before Beckles came down, we filed our opening brief then. At that time, there was an ex post facto problem, and so we argued that he should be sentenced under the old guideline. But after Beckles, we said that he should be sentenced under the new guideline, and the government argues that, too. After sentencing, that's right. All of you went up, you had the sentencing, and everybody agreed, either explicitly or implicitly, that it was the wrong guideline. You agreed to have him sentenced under the wrong guideline, and then nobody complained about it, and now you're on appeal complaining about it. Yeah, because the circumstances have changed, your honor. So you didn't object. That's my point. You didn't object. So how are we supposed to review your claim that his guidelines were miscalculated when you let him be sentenced under the wrong guideline? Because, your honor. We review it for harmless error or plain error? No, your honor, I don't think you review it under either of those because the reason— I don't review it under either. We've got to review it under one or the other. The reason—I think you stayed over here. The reason why, you know, we didn't ask for the—the government wasn't arguing that it qualified under—and it's the government's burden. The government doesn't represent it. You represent it. Right, but it was the government's burden, your honor, to show that it was a crime of violence. The only thing they argued was that the offense qualified under the force of force. It was the burden of both lawyers, in my view, to help the court get it right, to get it under the right guideline. And, your honor, at that time when the DOJ— And nobody complained. Nobody helped the court out, and the court sentenced him under the wrong guideline. Because the circumstances are very different. The DOJ, the government, was conceding, your honor, that the only thing that mattered was the force clause. And so if the government was conceding that the only thing that mattered was the force clause, then we're not going to argue that—we're not going to make an issue about the residual clause. The only thing at issue in the whole sentencing was that it qualified under the force clause. The residual clause at the time he was sentenced was gone. At the time he was sentenced— It went to put. It went three days before it was gone, right?  Yes, your honor. Yes, your honor. It was no longer there, the time he was sentenced. Right. So, your honor, addressing the generic robbery point, I mean, this court in Peterson, this court in Flores, Granados, has held that the way to determine the generic definition is by looking at what most states— And robbery had been added to the enumerated clause— Yes, your honor, but— —as of August the 4th, and it was not there three days earlier. Right. It was not there three days earlier. Why don't you concede that if we agree with you, the analysis would have to be under plain error? We would win under plain error, your honor, because it's clear here that, you know, that it doesn't qualify either under the force clause or the enumerated offenses clause. So, I agree with you there, your honor, but, you know, because of the circumstances, the unique circumstances where— Did it qualify under any provision of the guidelines, the prior guidelines? The prior guidelines? Well, your honor, we have the residual clause, and likely it would have qualified under the residual clause because this court has said larceny from a person qualifies. It's a much broader clause because, you know, it involves a potential risk of injury. But that's not under the new guideline. It definitely would not qualify because that's not the inquiry under the new guideline. The enumerated—the residual clause is gone. Yes, it's gone. And so all we have left are the enumerated offenses clause. And this is not generic robbery, your honor, because generic robbery requires, as all courts have held— I assume you're right on that. Yes. But how do we get to that point in view of the fact that you didn't object to the wrong guideline being applied? But, your honor, we didn't object because— You're supposed to give the judge a chance to get it right. That's what the harmless error review process deals with. But, your— The lawyers are supposed to help the judge out enough at least to object and say, Judge, you've got to get it right. The new guidelines apply. The law was changed four days ago. Right. And we need to apply that here. But, your honor, if we did object to that, we would have been doing our client a disservice because at that time— United States versus Q. You might have done him a disservice to come up here on plain error review when you've got to satisfy a law note. I mean, maybe you satisfy a plain error review, and all I'm asking you is which one applies. Right. And you won't give me an answer to that. Right, right. And you don't argue it in your brief. You didn't argue it in your brief. You get back to it a little bit in the reply brief. You say the government's right. Yeah, because at that time— We expect you to help us out, too. Right, right. So what standard of review are we dealing with? Is it harmless error review even though you didn't object? Or is it plain error review because it wasn't preserved? And if it is plain error review, how do you satisfy the four prongs of the law note? And if you do satisfy them, how far have we got to go to satisfy them? All the way to number four? Your Honor— Or are you—I don't know. Somebody's got to sit down and figure it out. We do apply plain error review here, Your Honor. We clearly meet that because this, again, like I said, is a very unique case in that when we look at the statute, the terms of the statute— In the context of most times, the lawyers object, and the stuff's litigated in the district court before it comes up here. Right, right. This issue was not litigated and resolved in the district court before it came up here. Your Honor, but— The judge didn't consider whether the robbery, which is now in the enumerated offenses clause, had anything to do with Hobbs Act law. But, Your Honor— He didn't look at that because you all had him looking at the guideline that was in effect four days earlier. But the government agreed to that, too. And the government did not— No, the government agreed to it. Everybody agreed to it. The government— And the judge agreed to it, too. And the probation officer agreed to it. Everybody was wrong. Pardon me. Was it a mistake, or did you deliberately overlook it in order—because it wouldn't help your plan? Well, Your Honor, at that time, under Pew, because, you know, Beckles had not come out— No, I'm asking you a question about during sentencing. Yes. Were you aware that there was a new guideline in provision and decided not to raise it? Oh, no, Your Honor, yes, we were aware that there was a new guideline. It's appropriate that you can let the court apply the wrong law if it helps your plan. No, but, Your Honor, that's the thing. There wasn't the wrong law at the time. Under Pew v. United States, if the guideline that was in effect at the time of the conduct— You're arguing it under the new guideline. Because Beckles has come out, Your Honor, because that's changed. That's not the one he has not dealt with. But in any event— He didn't deal with—he didn't sentence him under the new guideline. He sentenced him under the old guideline. Right. But, Your Honor, well, this court, if— But this is not Rockefeller. But this court—because this is a very unique situation where the DOJ was conceding one thing. They weren't arguing generic robbery. So, I mean, at that point, we weren't—it would have been a—we would have been ineffective if we argued at that time that the new guideline should apply because there were two hurdles there he had to get through at the time. Whereas, you know, with the old guide— What were the two hurdles? There was the force clause and the enumerated offenses clause. Whereas if the DOJ was conceding that the residual clause was void for vagueness, the only hurdle at that time would have been the force clause. What troubles me is that lawyers before a judge, if they know the court's applying the wrong law, can't continue tolerating that if they know it's the wrong law. But it wasn't— Just because it helps your client to have the court make a mistake. But, Your Honor, no. The thing is, it is under Pew v. United States. If one is being exposed to an ex post facto violation based on the guidelines that are in effect at this time of sentencing, then the court is supposed to apply the more favorable guideline at the time. Well, I don't understand, Your Honor, why you make it so darn complicated. You had the new guidelines in effect at the time he was sentenced. And he was sentenced to the wrong one. A substantial right was affected under the Planned Error Rule. And you were not going to be harmed. You were going to be helped because the Hobbs Act takes him out of the career of penalty. Isn't that simple? Well, Your Honor, yeah. I mean, this court should remand it then. So it's clear here that there's an error under the new guideline. And if that's the new guideline, that guideline should have been in effect. There's a plain error here, Your Honor. So you're arguing plain error? Your Honor, the plain error is definitely met here. Because we don't have—so I can go through. There's clear error. We don't recognize a plain error to remand. We have to jump through the Alano proms, which is not an easy task. Right, right. That's the reason that they have these lawyers who are supposed to— Your Honor, assuming that that— —preverb things, because that's a rough road to go. And even if you assume that here, we have a very unique statute, Your Honor. But nobody argued it until today. Right? I mean, it's not in your brief. Nobody's briefed plain error. But it may satisfy. I don't know, because we haven't really studied it. We haven't been asked to. And that happens in some other cases, too. But you have guidelines that have been changed. And he was sentenced under the old guidelines. And if that's error, that gets you past the first brawl. That's the first brawl. Right, right. To me, the appropriate course would have been for you or the U.S. attorney or both of you to tell the court that it is not applying the guidelines at the time of sentencing, which is the general principle. And then you have to face the backwards issue. You have to face what the court goes back to and make that argument at that point as to whether he's still that you can't apply the new guidelines, at least to that extent, because of the ex post facto. That would be the argument. But it troubles me a lot that you were aware of the error by the district court and didn't bring it to the attorney. I think because, Your Honor, there was an assumption there that the guidelines should apply. That was in place at the time of the conduct. Otherwise, he was facing an ex post facto violation. The answer is, I think, did you all just make a mistake? And I think the answer is probably yes, that there was a mutual mistake by the lawyers, the probation officer, and the judge. And the question is how we fix it or whether your client is entitled to have it fixed. And whether we fix it or not. That's a very generous assumption. You guys are all from the United States. But, Your Honor, also, we're defense counsel. I mean, it's the government's burden here to prove that the offense qualifies. I think it's the obligation to the lawyers standing up in the courtroom to help the judge get the law right. Maybe I'm wrong. And at that time, at that time before Beckles, that was right. I mean, before Beckles, our client was facing an ex post facto violation with the way things stood. I know, but you have to take that argument under the correct law. The correct law, isn't it normally you apply the sentencing guidelines at the time of sentencing? Yes, Your Honor. Yes, Your Honor, but unless And so now they're facing that. And the first question comes is, Judge, why are you applying an expired guidelines? Right. And then you have to face these hurdles that you argued before us and let the district court jump through the hoops. And when Beckles came down, it might have changed the whole scenery again. No question about it. What was the date of Beckles? Beckles, Your Honor, I don't. It came out after we filed the opening brief. It was after the brief. Yes. After the opening brief in this court, in the fourth circuit. You talked about a remand in this case. Yes. What do you want remanded? Your Honor, we can have a remand. Oh, I'm sorry. Do you think we should decide, if you like, we should decide the contact question here and just simply send it back to the judge if we sentence in light of our findings? Or are we going to completely remand it? Right. I mean, Your Honor, this is a legal issue that this court can decide. And it's going to be a recurring issue. And the parties have briefed it here, so this court can decide it. But if this court doesn't want to do that, then it could remand back down so the district court does get the first opportunity to make a finding on the new guidelines. But, you know, we would submit that's not necessary here because it's very clear that it doesn't qualify. What relief do you want? What relief do we want? We would like for you to decide, I think you could decide here, that Hobbs-Zack robbery is not a crime of violence under either the forced clause or the enumerated offenses clause. But we have to remand it and re-sentencing to decide that. Sure. Sure, absolutely. So you basically want us to decide the categorical issue of robbery? Yes. As opposed to having the district court do it in the first instance? Yes, Your Honor, because I think that's something that you can do here. Bottom line. Yeah. Okay. Why don't you come back when the rebuttal is submitted? Okay, great. Thank you, Your Honor. All right, Mr. Hanlon. Were you the lawyer down below? I was, Your Honor, and I was there at sentencing. Was it a mutual mistake by everybody? Your Honor, respectfully, and I guess I can't tell if this is favorable to my argument or not favorable to my argument. No, these are offices of the court. We're always required to be candid to the court, Your Honor. I tried to get it right. I'll certainly say that. At the time, I believed I was stuck in a position where I had to argue robbery under the guidelines version that was less favorable to the government. If the old guidelines were better for the defense, then under the ex post facto rule, I was stuck with that. If the new guidelines were favorable to the defense, then under the one book rule or book in place at the time of sentencing, I was stuck with that. It wasn't a great position for the government to be in. Either way, the issue was whether or not Hobbs Act robbery qualified under the force clause under one of the two versions or under the enumerated robbery clause under one of the two versions. Either way, under the concessions that the Department of Justice has made at the time, I wasn't permitted at the time to rely on the residual clause, and it was a source of great frustration to me when Beckles was decided. I'm thinking, oh, this is great, and then I noticed the date of sentencing and realized, oh, nuts, I'm stuck going to the new book. So I believed I was getting it right. I was unhappy not being able to rely on the residual clause during the briefing in this case, but that's what happened. If we were wrong, we were wrong, but it was. . . You agree that setting aside all these procedural issues that Hobbs Act robbery doesn't satisfy? Respectfully, no, Your Honor. The Hobbs Act robbery does satisfy the crime of violence definition. I think you've got to address the Hobbs Act provision that talks about conduct against property as opposed to persons, and it seems to me that the definition of robbery, the generic definition of robbery, when you look to a fag or anybody else, it doesn't include against property. It has to be something against the person. Let me talk about the enumerated robbery definition, then. I'll leave aside the force clause issue, then, because it strikes the government that the enumerated robbery definition is of more interest to the court. The government does believe that Hobbs Act robbery satisfies the definition of generic robbery as enumerated in the second clause of either the old commentary or the new text of the Guideline. You're talking about under the new Guideline. Under the new Guideline, yes. That it wasn't sentence-done. I'm sorry, Your Honor? That it wasn't sentence-done. You're talking about the Guideline that it was not sentence-done. Yes, although even under the old Guideline, robbery was enumerated then in the commentary, and the government believes that it was consistent with the text of the Guideline at that time under the old residual clause. Why the easiest way to deal with this is to send it back and let the district court re-sentencing under the correct Guideline and assess these legal arguments that you all have raised there. In the first instance. And then have it come up on a review. We're normally a court of review rather than first review. That's the way the process normally works. And everything would look better. Your Honor, the government is perfectly happy with that resolution. If the court doesn't want to resolve this legal issue and remand the case, we can have a re-sentencing on the issue of whether or not an individual committed this crime. We don't have to be remanded. Do you have any argument that we don't have to be remanded? I could articulate an argument, Your Honor, but candidly I'm not sure that I don't prefer a remand because it does allow fresh review. If we're remanding it, then it's the only scope of what we give the district judge to do. Correct, Your Honor. The government has noted that it believes there's harmless error in this instance, which means that a remand is going to address an issue of whether or not an individual who commits an armed robbery at gunpoint, forces someone into a basement, should receive a sentence commencing with the fact that he had five prior robberies. You've got a wonderful argument. I think Congress would be astounded to say somebody who came in with a gun and robbed somebody didn't create a crime of violence. But under the categorical approach, we look at the elements and the fact of conviction. And if the elements go beyond the categorical robbery or whatever standard of robbery we have, then it doesn't fulfill that. That's the issue on the merits that Mr. Patel would like us to address here before remanding. I'm prepared to address them as well, Your Honor, but can't be given an advisory opinion. Perhaps, Your Honor, perhaps. From the Court of Appeals. To be clear, though, the government does believe that the generic robbery elements are going to be satisfied by Hobbs Act robbery. You think that the property aspect is a crime of violence? The property aspect of Hobbs Act robbery is a bigger problem for the government in the force clause analysis, Your Honor. I'll stick with the robbery clause. I'll stick with enumerated robbery. This is the government's belief. First of all, setting aside the fact that we're dealing with a phrase, robbery, that is undefined in the sentencing guidelines. We use common law, don't we? We do. And there is a consensus of case law pre-Johnson. It is older case law. And as Mr. Patel points out, it's case law that hasn't delved into a lot of analysis, in which courts have found, perhaps assumed, that Hobbs Act robbery absolutely satisfies the common law version of robbery. So we start with the premise of it. And if you look, for instance, under 2211 federal statute, that does define robbery in the provisional sense. It does not include property. It's only against the person. Correct, Your Honor. And Lafaye, who describes the common law, uses just against the person. Yes. And you want us to – in other words, the difference between larceny and robbery usually is some kind of force against the person in connection with the taking of the property. The government would argue that it's the use of force. But there's lots of robbery authorities, including the Model Penal Code. But how do you distinguish all these state cases where, like purse snatching, where they just grab the purse, they don't touch the person, basically, is held to be larceny. But if they push and struggle with the person, then it becomes robbery. Your Honors, first of all, with all due respect, I would argue many people who have been the victim of a purse snatching, the taking of a purse off their persons, probably do believe that they were the victim of a robbery. To actually be physically invaded that way, to have something physically taken from somewhere, I think a lot of people in that position would be. Yes, but that's not consistent with all the jurisprudence that Lafaye talks about and makes the distinction. In other words, there's a difference between larceny off the person and robbery, where you put the person in threat of harm and you actually use force against the person. For instance, if a person is sitting on the bench and has her purse on the table next to her, somebody snatches it, that's larceny, right? Yes, Your Honor. Even though it's in the presence of the person, which is in that definition. Correct, Your Honor. Well, Hobbs Act robbery includes that. It takes the property in the presence of the person. I have a difficult time proving as a prosecutor the use of force in that scenario. I think that's the issue where we might have a separation to an Hobbs Act robbery and a mere taking of property. I don't think it's a question of force. I think it's a question of what the threat is against the person versus the property. But anyway, this became a little more complex than even the briefing suggested. You guys may have cobbled, I guess, enough.  No, I'm absolutely happy to sit down, Your Honor. Mr. Battaglia, anything further? Just wanted to say, Your Honor, I think Judge Niemeyer, you get it. This is a situation where the law is very clear, like really clear, that Hobbs Act robbery, just based on the statutory language, does not satisfy the force clause. And it's very clear. It's curious to me that 2111 describes robbery, a federal robbery, and it does not use the property clause. And Hobbs Act robbery describes robbery, and it does use the property clause. Yeah, Your Honor. I think that Hobbs Act robbery was modeled after the New York Penal Code, which used person or property. But it's so much broader than any of the other robbery statutes. So because we have such a clear situation here, Your Honor, it is plain error because it doesn't qualify under the force clause. It doesn't qualify under the enumerated offenses clause. And just one thing. Did anybody brief plain error in this case? No, because we did not brief plain error because of the crazy situation here, Your Honor. So we believe it's de novo, but this court definitely has the discretion to decide it under plain error. And if it is very clear. Would we just be given an advisory opinion on the matter? No, Your Honor, because I think you will be deciding the issue that is and then it will be remanded for a resentencing. And it's not only going to be beneficial to my client. This is a huge. The way the error you're talking about, the error you're talking about, is that there was a wrong guideline. That's all the error is. If he was sentenced under the old guideline, he should have been sentenced under the new. That's the error. But this is a recurring issue, Your Honor. So I think you have the discretion. We would ask that this court. It will be decided in due course. It will be resolved. I know, but the. In due course. For Judy. In due course is, it's decided first. Right. Do you get additional bonus payments for taking additional appeals? Because this case is coming right back up here, Your Honors. If we win, we're going to. Government will likely appeal. This is a big issue. Judge has faced with all these issues. It's a fairly discretionary function. If he gets the law right, he may. He may vary, too, up or down. There's a lot of possibilities of whether you come up or not. Well. Now you're in the realm of discretion. You decide not to. Yeah. Well. Your Honor, but it's going to become. This is a very big issue. There are lots of Hobbs Act robbery cases. And lots of cases in which people are potentially career offender based on Hobbs Act robbery. So this is a unique situation where we really urge the court to decide it. It is going to come back up here. Hopefully back to the same panel. No. Your Honor. Your Honor. I agree that in the normal course, if a district court hasn't decided an issue below, that it should be remanded back for the district court to decide. But that this is because it's so black and white, so clear. And it's a recurring issue. And eventually it's going to come back up here. So for judicial efficiency purposes, we have briefed this issue. You wouldn't want us to decide it now. Pardon me? If we ruled in favor of the government on their position of it, you wouldn't like the fact that we decided it now. No, Your Honor. But this is pure. No, of course not. But this is a purely legal issue. And I think that, you know, from what the courts indicated, it's clear. All right. Let us consider all these factors. Okay. We'll come back and recount. Great. Thank you. Yes.
judges: Paul V. Niemeyer, Robert B. King, Henry F. Floyd